# UNITED STATES DISTRICT COURT
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 17, 2018

SEAN F. McAVOY, CLERK

UNITED STATES OF AMERICA
v.
BRENDON M. MCCULLOUGH

**\*\*2nd AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:16CR00198-SMJ-2

USM Number: 20354-085

Frank Louis Cikutovich
Defendant's Attorney

Date of Last Amended Judgment 5/1/18

☑ *Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)
☑ **Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

**THE DEFENDANT**:

☑ pleaded guilty to count(s)    1 of the Superseding Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1349 | Conspiracy to Commit Bank Fraud | 04/15/14 | 1s |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) All remaining counts   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/24/2018
Date of Imposition of Judgment

*signature*
Signature of Judge

The Honorable Salvador Mendoza, Jr.    Judge, U.S. District Court
Name and Title of Judge

12/17/2018
Date

DEFENDANT: BRENDON M. MCCULLOUGH
CASE NUMBER: 2:16CR00198-SMJ-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 12 months

**spanning the period of April 24, 2018 to April 24, 2019. This federal term of imprisonment shall commence on April 24, 2018 and conclude on April 24, 2019, and shall run concurrently with any state term of imprisonment served during the same period between April 24, 2018 and April 24, 2019.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant shall particpate in the BOP Inmate Financial Responsibility Program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRENDON M. MCCULLOUGH
CASE NUMBER: 2:16CR00198-SMJ-2

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 5 years

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: BRENDON M. MCCULLOUGH
CASE NUMBER: 2:16CR00198-SMJ-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must be truthful when responding to the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: BRENDON M. MCCULLOUGH
CASE NUMBER: 2:16CR00198-SMJ-2

# SPECIAL CONDITIONS OF SUPERVISION

1. You must not open, possess, use, or otherwise have access to any checking account, ATM card, or credit card, without the advance approval of the supervising officer.

2. You must not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

3. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

4. You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

5. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

6. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

7. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

DEFENDANT: BRENDON M. MCCULLOUGH
CASE NUMBER: 2:16CR00198-SMJ-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $100.00 | $0.00 | $0.00 | $26,106.86 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Natalya Herski | $100.00 | $100.00 | |
| Geoff McLaughlin | $200.00 | $200.00 | |
| Terry Burt | $410.00 | $410.00 | |
| L. Jean Wasser | $320.00 | $320.00 | |
| Horizon Credit Union | $595.00 | $595.00 | |
| Pawn 1 | $280.00 | $280.00 | |
| Bank of America FIA Card Services | $1,500.00 | $1,500.00 | |
| Chase Bank | $2,559.00 | $2,559.00 | |
| CitiBank | $1,800.66 | $1,800.66 | |
| STCU | $14,730.06 | $14,730.06 | |
| Umpqua Bank | $500.00 | $500.00 | |
| **TOTALS** | $26,106.86 | $26,106.86 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Umpqua Bank | $1,067.14 | $1,067.14 | |
| U.S. Bank | $1,375.00 | $1,375.00 | |
| Money Tree | $460.00 | $460.00 | |
| Netflix | $210.00 | $210.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRENDON M. MCCULLOUGH
CASE NUMBER: 2:16CR00198-SMJ-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the defendant's net household income, whichever is less, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the peroid of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several *

Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| | | | |
|---|---|---|---|
| Brendon McCullough 2:16CR198-SMJ-2 | $100.00 | $100.00 | Natalya Herski |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $100.00 | $100.00 | Natalya Herski |
| Jason Genge 2:16-CR0198-SMJ-3 | $100.00 | $100.00 | Natalya Herski |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to 18 U.S.C. § 982(a)(2), the Defendant shall forfeit to the United States the sum of $25,376.86 U.S. currency, which shall be a joint and several money judgment representing the value of the proceeds obtained from the Conspiracy to Commit Bank Fraud offense alleged in the Information Superseding Indictment, to which the Defendant pled guilty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT: BRENDON M. MCCULLOUGH
CASE NUMBER: 2:16CR00198-SMJ-2

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>If appropriate |
|---|---|---|---|
| Amy Jo Williams 2:16CR0198-SMJ-04 | $100.00 | $100.00 | Natalya Herski |
| Mandy Thomason 2:16CR00198-SMJ-5 | $100.00 | $100.00 | Natalya Herski |
| Brendon McCullough 2:16CR198-SMJ-2 | $200.00 | $200.00 | Geoff McLaughlin |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $200.00 | $200.00 | Geoff McLaughlin |
| Jason Genge 2:16-CR0198-SMJ-3 | $200.00 | $200.00 | Geoff McLaughlin |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $200.00 | $200.00 | Geoff McLaughlin |
| Mandy Thomason 2:16CR00198-SMJ-5 | $200.00 | $200.00 | Geoff McLaughlin |
| Brendon McCullough 2:16CR198-SMJ-2 | $410.00 | $410.00 | Terry Burt |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $410.00 | $410.00 | Terry Burt |
| Jason Genge 2:16-CR0198-SMJ-3 | $410.00 | $410.00 | Terry Burt |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $410.00 | $410.00 | Terry Burt |
| Mandy Thomason 2:16CR00198-SMJ-5 | $410.00 | $410.00 | Terry Burt |
| Brendon McCullough 2:16CR198-SMJ-2 | $320.00 | $320.00 | L. Jean Wasser |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $320.00 | $320.00 | L. Jean Wasser |
| Brendon McCullough 2:16CR198-SMJ-2 | $595.00 | $595.00 | Horizon Credit Union |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $595.00 | $595.00 | Horizon Credit Union |
| Jason Genge 2:16-CR0198-SMJ-3 | $595.00 | $595.00 | Horizon Credit Union |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $595.00 | $595.00 | Horizon Credit Union |
| Mandy Thomason 2:16CR00198-SMJ-5 | $595.00 | $595.00 | Horizon Credit Union |
| Brendon McCullough 2:16CR198-SMJ-2 | $280.00 | $280.00 | Pawn 1 |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $280.00 | $280.00 | Pawn 1 |
| Jason Genge 2:16-CR0198-SMJ-3 | $280.00 | $280.00 | Pawn 1 |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $280.00 | $280.00 | Pawn 1 |
| Mandy Thomason 2:16CR00198-SMJ-5 | $280.00 | $280.00 | Pawn 1 |
| Brendon McCullough 2:16CR198-SMJ-2 | $1,500.00 | $1,500.00 | Bank of America FIA Card Services |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $1,500.00 | $1,500.00 | Bank of America FIA Card Services |
| Jason Genge 2:16-CR0198-SMJ-3 | $1,500.00 | $1,500.00 | Bank of America FIA Card Services |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $1,500.00 | $1,500.00 | Bank of America FIA Card Services |
| Mandy Thomason 2:16CR00198-SMJ-5 | $1,500.00 | $1,500.00 | Bank of America FIA Card Services |
| Brendon McCullough 2:16CR198-SMJ-2 | $2,559.00 | $2,559.00 | Chase |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $2,559.00 | $2,559.00 | Chase |
| Jason Genge 2:16-CR0198-SMJ-3 | $430.00 | $430.00 | Chase |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $430.00 | $430.00 | Chase |

# ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| Mandy Thomason 2:16CR00198-SMJ-5 | $2,309.00 | $2,309.00 | Chase |
| Brendon McCullough 2:16CR198-SMJ-2 | $1,800.66 | $1,800.66 | Citibank |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $1,800.66 | $1,800.66 | Citibank |
| Jason Genge 2:16-CR0198-SMJ-3 | $1,800.66 | $1,800.66 | Citibank |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $1,800.66 | $1,800.66 | Citibank |
| Mandy Thomason 2:16CR00198-SMJ-5 | $1,800.66 | $1,800.66 | Citibank |
| Brendon McCullough 2:16CR198-SMJ-2 | $14,730.06 | $14,730.06 | STCU |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $14,730.06 | $14,730.06 | STCU |
| Jason Genge 2:16-CR0198-SMJ-3 | $9,385.42 | $9,385.42 | STCU |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $9,385.42 | $9,385.42 | STCU |
| Mandy Thomason 2:16CR00198-SMJ-5 | $14,573.70 | $14,573.70 | STCU |
| Brendon McCullough 2:16CR198-SMJ-2 | $500.00 | $500.00 | Umpqua Bank |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $500.00 | $500.00 | Umpqua Bank |
| Jason Genge 2:16-CR0198-SMJ-3 | $500.00 | $500.00 | Umpqua Bank |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $500.00 | $500.00 | Umpqua Bank |
| Mandy Thomason 2:16CR00198-SMJ-5 | $500.00 | $500.00 | Umpqua Bank |
| Brendon McCullough 2:16CR198-SMJ-2 | $1,067.14 | $1,067.14 | Umpqua Bank |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $1,067.14 | $1,067.14 | Umpqua Bank |
| Jason Genge 2:16-CR0198-SMJ-3 | $1,067.14 | $1,067.14 | Umpqua Bank |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $1,067.14 | $1,067.14 | Umpqua Bank |
| Mandy Thomason 2:16CR00198-SMJ-5 | $1,067.14 | $1,067.14 | Umpqua Bank |
| Brendon McCullough 2:16CR198-SMJ-2 | $1,375.00 | $1,375.00 | U.S. Bank |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $1,375.00 | $1,375.00 | U.S. Bank |
| Jason Genge 2:16-CR0198-SMJ-3 | $1,050.00 | $1,050.00 | U.S. Bank |
| Amy Jo Williams 2:16CR0198-SMJ-04 | $1,050.00 | $1,050.00 | U.S. Bank |
| Mandy Thomason 2:16CR00198-SMJ-5 | $1,375.00 | $1,375.00 | U.S. Bank |
| Brendon McCullough 2:16CR198-SMJ-2 | $460.00 | $460.00 | Money Tree |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $460.00 | $460.00 | Money Tree |
| Brendon McCullough 2:16CR198-SMJ-2 | $210.00 | $210.00 | Netflix |
| Cybil Imholt 2:16-CR0198-SMJ-1 | $210.00 | $210.00 | Netflix |